**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

ROBERT L. WALDEN,

    Petitioner,

v.

ERICA HUSS,

    Respondent.

_____/

Case No. 1:19-CV-11255
HONORABLE THOMAS L. LUDINGTON
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner, Robert L. Walden, presently confined at the Marquette Branch Prison in Marquette, Michigan, filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in the Monroe County Circuit Court of voluntary manslaughter, Mich. Comp Laws § 750.321. Petitioner was sentenced to ten to twenty-two and a half years in prison as a second habitual offender. Mich. Comp Laws § 769.10. Petitioner contends that the trial court improperly scored Offense Variable (OV) 9 of the Michigan Sentencing Guidelines, that the trial judge erred in departing above the recommended sentencing guidelines range, and that his sentence was disproportionate. For the reasons that follow, the petition for writ of habeas corpus will be summarily denied.

### I.

Petitioner was originally charged with open murder.[1] He was convicted by a jury of the lesser included offense of voluntary manslaughter and sentenced to ten to twenty-two and one-half years in prison.

---

[1] Under Michigan law, it is proper to charge a defendant with the crime of open murder. Such a charge gives a circuit court jurisdiction to try a defendant on first and second degree murder charges. *See Taylor v. Withrow*, 288 F.3d 846, 849 (6th Cir. 2002).

Petitioner's conviction and sentence were affirmed on appeal. *People v. Walden*, 319 Mich. App. 344, 901 N.W.2d 142 (2017), *lv. den.*, 501 Mich. 951, 904 N.W.2d 843 (2018).

## II.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; see also 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*, *see also Allen v. Perini*, 424 F. 2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

After undertaking the review required by Rule 4, it is concluded that Petitioner's sentencing claims do not entitle him to habeas relief. *See McIntosh v. Booker,* 300 F. Supp. 2d 498, 499 (E.D. Mich. 2004).

## III.

Petitioner's sentencing claims will be addressed together for clarity.

Petitioner in his first claim contends that the trial court incorrectly scored OV 9 of the Michigan Sentencing Guidelines. As part of his second claim, Petitioner argues that the trial court erred in sentencing Petitioner above the sentencing guidelines range.

State courts are the final arbiters of state law. *See Bradshaw v. Richey,* 546 U.S. 74, 76 (2005); *Sanford v. Yukins,* 288 F.3d 855, 860 (6th Cir. 2002). Therefore, claims which arise out of a state trial court's sentencing decision are not normally cognizable on federal habeas review, unless the habeas petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *See Vliet v. Renico,* 193 F. Supp. 2d 1010, 1014 (E.D. Mich. 2002). Thus, a sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).

Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is non-cognizable on federal habeas review, because it is essentially a state law claim. *See Tironi v. Birkett*, 252 F. App'x. 724, 725 (6th Cir. 2007)*; Howard v. White,* 76 F. App'x. 52, 53 (6th Cir. 2003). Errors in the application of state sentencing guidelines cannot independently support habeas relief. *See Kissner v. Palmer*, 826 F. 3d 898, 904 (6th Cir. 2016). Petitioner had "no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence." *See Mitchell v. Vasbinder*, 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009). Petitioner's related claim that the state trial court improperly departed above the sentencing guidelines range would also not entitle him to habeas relief. *Welch v. Burke*, 49 F. Supp. 2d 992, 1009 (E.D. Mich. 1999); *See also Drew v. Tessmer,* 195 F. Supp. 2d 887, 889-90 (E.D. Mich. 2001). "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Any error by the trial court in calculating

his guideline score or in departing above the sentencing guidelines range alone would not merit habeas relief. *Id.* Petitioner's claims that the state trial court improperly departed above the correct sentencing guidelines range would thus not entitle him to habeas relief, because such a departure does not violate any of Petitioner's federal due process rights. *Austin v. Jackson*, 213 F. 3d 298, 301 (6th Cir. 2000).

To the extent that Petitioner argues that the trial judge failed to use the factors delineated in 18 U.S.C. § 3553(a) to determine the length of his sentence, he would not be entitled to relief. 18 U.S.C. § 3553(a)(1) is the federal sentencing statute, which does not apply to state sentences. *See Kirk v. Burge*, 646 F. Supp. 2d 534, 549 (S.D.N.Y. 2009).

As part of his second claim, Petitioner argues that his sentence of ten to twenty-two and one-half years was excessive and disproportionate.

Petitioner fails to state a claim for federal habeas relief. The United States Constitution does not require that sentences be proportionate. In *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991), a plurality of the United States Supreme Court concluded that the Eighth Amendment does not contain a requirement of strict proportionality between the crime and sentence. The Eighth Amendment forbids only extreme sentences that are grossly disproportionate to the crime. *Id.* at 1001. Furthermore, a sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin,* 213 F. 3d at 302. Courts reviewing Eighth Amendment proportionality must remain highly deferential to the legislatures in determining the appropriate punishments for crimes. *United States v. Layne*, 324 F.3d 464, 473-74 (6th Cir. 2003)(*citing Harmelin*, 501 U.S. at 999). "In implementing this 'narrow proportionality principle,' the Sixth Circuit has recognized that 'only an extreme disparity between crime and sentence offends the Eighth Amendment.'" *Cowherd v. Million*, 260 F. App'x. 781, 785 (6th Cir. 2008)(*quoting United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000)). As long as the sentence

remains within the statutory limits, trial courts have historically been given wide discretion in determining "the type and extent of punishment for convicted defendants." *Williams v. New York*, 337 U.S. 241, 245 (1949).

Moreover, federal courts generally do not engage in a proportionality analysis except where the sentence imposed is death or life imprisonment without parole. *See United States v. Thomas,* 49 F.3d 253, 261 (6th Cir. 1995); *Vliet,* 193 F. Supp. 2d at 1015. Successful challenges to the proportionality of a particular sentence in non-capital cases are "exceedingly rare." *Rummel v. Estelle*, 445 U.S. 263, 272 (1980).

Petitioner's sentence of ten to twenty-two and one-half years in prison was within the statutory limits for the crime of voluntary manslaughter and being a second felony habitual offender.[2] Petitioner's sentence of ten to twenty-two and one-half years was not excessively disproportionate.
*See Coy v. Renico*, 414 F. Supp. 2d 744, 780 (E.D. Mich. 2006)(sentence of 20 to 30 years imprisonment for conviction of voluntary manslaughter was not grossly disproportionate to crime in violation of Eighth Amendment, where crime was brutal, involving 20 to 25 stab wounds, and defendant had extensive criminal record). Petitioner is not entitled to relief on his claims.

**IV.**

The petition for writ of habeas corpus will be denied. A certificate of appealability will also be denied. In order to obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the

---

[2] Under Mich. Comp Laws § 769.10(1)(a), if a defendant has previously been convicted of a felony in Michigan, a judge may sentence the defendant to imprisonment for a maximum term that is not more than 1-1/2 times the longest term prescribed for a first conviction of that offense or for a lesser term. The maximum penalty for voluntary manslaughter is is fifteen years in prison. Mich. Comp Laws § 750.321.

petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

A certificate of appealability will be denied because Petitioner has failed to make a substantial showing of the denial of a federal constitutional right. Petitioner will also be denied leave to appeal *in forma pauperis*, because the appeal would be frivolous.

**V.**

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus, ECF No. 1, is **DENIED.**

It is further **ORDERED** that a certificate of appealability is **DENIED.**

It is further **ORDERED** that permission to proceed *in forma pauperis* on appeal is **DENIED.**

Dated: July 9, 2019            s/Thomas L. Ludington
                               THOMAS L. LUDINGTON
                               United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon **Robert Walden** #962671, MARQUETTE BRANCH PRISON, 1960 U.S. HWY 41 SOUTH, MARQUETTE, MI 49855 by first class U.S. mail on July 9, 2019.

                                      s/Kelly Winslow
                                      KELLY WINSLOW, Case Manager